HAMLIN, Justice:
Defendant appeals from his conviction of Attempted Manslaughter and his sentence to serve five years in the Louisiana State Penitentiary.
Defendant was charged by Bill of Information with the attempted murder of Jacob Tyson, LSA-R.S. 14:27, on November 12, 1969. The Bill was filed on January 6, 1970, and on that date, the accused, present in court, informed the court that he was unable to afford counsel; W. L. Richardson was appointed to represent him. The case was set for trial on April 1, 1970; the accused, having waived formal arraignment and being present in court, January 22, 1970, was notified of the date of trial; counsel, accompanying the accused, was given until March 1, 1970, to file preliminary motions. (The record reflects that no motions were filed.)
On April 1, 1970, trial commenced before Honorable John S. Covington. On April 2, 1970, by a verdict of nine to three, defendant was found guilty of Attempted Manslaughter. The Minutes of Court, April 21, 1970, recite, “ * * * The accused having previously been tried by jury and found guilty of attempted manslaughter, the Court ex proprio motu ordered that notice to appear for sentencing on May 1, 1970 in Section II at 10:00 A.M. be *1029 sent to the accused presently incarcerated in the Parish Jail, to his attorney, Mr. W. L. Richardson, to the District Attorney and to Probation Authorities.” On May 1, 1970, defendant, age 24, was sentenced to five years at hard labor in the Louisiana State Penitentiary, and he, thereafter, began serving his sentence.
Defendant, in proper person, filed a Motion for Appeal in the Nineteenth Judicial District Court, which was received by the Clerk of Court on June 15, 1970. On July 17, 1970, defendant filed a petition for Writ of Habeas Corpus in the district court, and, having considered the petition, Honorable Elven E. Ponder denied the Writ on July 31, 1970.
On September 17, 1970, application for Writ of Certiorari was made to this Court, in which defendant alleged that he “advised his Court-appointed counsel that he wanted to appeal his case, but said counsel refused to carry forward an appeal; since petitioner was untrained in the science of law and not having been advised of his right to apply for leave to appeal in forma pauperis, no appeal was taken. * * * ” He stated that the questions of law involved were: “(1) Should the trial Judge advise the defendant of his right to appeal and the right of a person who is unable to pay the cost of an appeal to apply for leave to apply in forma pauperis? (2) Is the petitioner entitled to have his case remanded to the District Court for resentencing, in order that he may be informed of his appeal rights and given an opportunity to exercise his absolute and fundamental right to appeal? (3) Does the failure of the Court to advise a defendant of his right to appeal who is unable to pay the cost of an appeal, his right to apply for leave, and his right to appeal in forma pauperis, constitute a denial of the due process and equal protection of the law?” He alleged that the district court erred in denying him a Writ of Habeas Corpus, and that the court erred in failing to advise him of his right to appeal and of his right to apply for leave to appeal in forma pauperis.
On September 22, 1970, this Court, 256 La. 788, 239 So.2d 171, granted Certiorari to the defendant and issued the following order: IT IS ORDERED that the Nineteenth Judicial District Court, Parish of East Baton Rouge, without undue delay, grant an evidentiary hearing to determine whether relator was denied the right of appeal or the right to counsel on appeal.”
The Minutes of the Nineteenth Judicial District Court, October 1, 1970, recite: “This matter came on for hearing on a petition for writ of habeas corpus pursuant to previous assignment. Present in court: Mr. James R. Mitchell, counsel for the petitioner, and Mr. Cheney Joseph, Assistant District Attorney, representing the State. [On September 25, 1970, Mitchell was appointed as counsel for the defendant.] An *1031 answer to the writ of habeas corpus was filed herein on behalf of the respondent. By consent of counsel the matter was submitted to the court, and the court granted the petitioner an appeal in this matter returnable to the Louisiana Supreme Court on November 30, 1970.” (Emphasis ours.)
On November 24, 1970, counsel for defendant filed in the district court a Motion for Preparation of Transcript and Extension of Return Date. He alleged that no bills of exceptions were reserved during defendant’s trial by his original counsel, and that since defendant had been granted an order of appeal from his conviction, counsel could not effectively bring the appeal for defendant without a complete transcript of the trial proceedings for review. Judge Elmo E. Lear of the Nineteenth Judicial District Court ordered a hearing on the motion on December 2, 1970. The matter was passed on December 2, and reassigned for hearing on December 3, 1970. The Minutes of Court of the latter date recite:
“This matter came before the Court for hearing on a motion to vacate sentence; a motion for new trial; and a motion for preparation of transcript and extension of return date pursuant to previous assignment. The accused was present in court represented by counsel, Mr. James R. Mitchell. For the purpose of filing a motion for new trial the Court ordered that the sentence previously imposed herein on May 1, 1970 he vacated and set aside.
“The motion for new trial was then taken up. Evidence was introduced, the matter argued by counsel and submitted. Whereupon, for oral reasons assigned, the Court denied the motion for new trial. To which ruling of the Court counsel for the accused reserved a bill of exceptions making a part thereof the motion for new trial, the argument of counsel, the ruling of the Court and the entire transcript of the trial of Clyde W. Anderson in No. 74,569.
“At this time the accused was brought before the bar for sentence. Whereupon, the Court sentenced the accused to be confined in the Louisiana State Penitentiary at hard labor for a period of five (5) years; to be given credit for time served.
“On motion of counsel for the accused the Court granted an appeal returnable to the Louisiana Supreme Court on February 1, 1971.” (Emphasis ours.)
The Motion for a New Trial, filed November 25, 1970, alleged: (1) The verdict rendered was contrary to the law and the evidence; (2) Defendant’s trial counsel did not reserve any bills of exception to any rulings of the court during the trial, and present counsel, appointed after verdict was rendered, could not effectively bring an appeal to the Louisiana State Supreme *1033 Court; (3) The ends of justice would be served if defendant were given a new trial.
On December 11, 1970, the district court signed Bill of Exceptions No. 1, which recites :
“ * * * upon the hearing on a motion on this cause on the 3rd day of December, 1970, counsel for the defendant then and there requested that this Court grant defendant’s motion and give defendant a new trial and that the Court denied this motion, to which ruling and decision by this Court the defendant by his counsel then and there excepted, as will' appear more fully from the transcript of the hearing.
“To the refusal of the Court to grant the motion for new trial, the defendant reserved a Bill of Exception, as shown in the minute entry of December 3, 1970, and requested that the complete transcript of the trial in chief be attached thereto.
it * * 5¡í »
Because of commitment to the United States Army, James R. Mitchell withdrew as counsel for the defendant. On February 25, 1971, Woodson T. Callihan, Jr., Public Defender, was appointed by Honorable Donovan W. Parker of the Nineteenth Judicial District Court to represent defendant.
The matter is now before this Court for determination; it was argued on the above facts.
Counsel for the defendant states in brief that the transcript has never been prepared, and that the trial judge has indicated his refusal to prepare one. Counsel submits that without his transcript, defendant’s right to appeal and his right to effective counsel are denied. ■ ;
The State submits that this Court in granting Certiorari did not. order the trial court to vacate defendant’s sentence and hear the motion for a new trial. The State takes the position that Judge Lear was without authority to set aside the sentence of Judge Covington and hear a motion for a new trial; it urges that the transcript of the trial should not be a part of the record on appeal. The State further submits that the district court should’ have simply complied with the order of this Court and held an evidentiary hearing on whether the defendant had been denied his right to appeal — Arts. 853 and 881, LSA-C.Cr.P., and LSA-R.S. 15 :565.2.[1]
*1035 'The proceedings, supra, in this matter appear complicated; such complications are present because of the diverse nature of. the numerous pleadings filed and rulings made. Because of the contentions advanced, we found it necessary to narrate and quote in depth. However, we do not find it necessary to pass on the State’s contentions with respect to the correctness vel non of the trial court’s rulings and actions, supra.
Counsel for the defendant urges herein that the issue is simply whether under the circumstances, defendant can be furnished a meaningful appeal. We find that he can.
The district court granted defendant an appeal after receiving this Court’s order, supra; this is what defendant sought; he had made many constitutional allegations with respect to appeal, contending that he had not been apprised of his right to such. The relief prayed for having been granted, i. e., an appeal, we do not have to determine what type of hearing, or if any, was held by the district court before it granted the appeal.
True, we do not have the transcript before us, but we do have the Motion for a New Trial, supra, filed by second counsel for the defendant and heard by the trial court. (As stated supra, the State contends that the motion should not have been heard.) We find no prohibition precluding our reviewing the allegations of the motion. After review, we find nothing set forth in the allegations which would necessitate our having the transcript. It is not our prerogative to decide whether original counsel should have reserved bills of exceptions ; this was a matter addressed to his discretion, based upon his appreciation of the evidence and trial proceedings. The allegation that the verdict is contrary to the law and the evidence presents nothing for review; the motion is devoid of an allegation that there was no evidence to support the verdict. The allegation that the ends of justice would be served if defendant were granted a new trial is a conclusion and merely speculative; there is no showing made that he did not receive a fair trial. Therefore, under the facts and circumstances of this matter as presented, we conclude that defendant’s appeal is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, Justice:
There is no error on face of record on appeal.

. “A motion for a new trial must be filed and disposed of before sentence. The court, on motion of the defendant and for good cause shown, may postpone the imposition of sentence for a specified period in order to give the defendant additibnal time to prepare and file a motion for a new trial.” I*SA-C.Cr.P., Art. S53.
“Although tbe sentence imposed is legal, in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence.” LSA-C.Cr.P., Art. 881. ’ ■
“Whenever a prisoner is sentenced to' imprisonment in the state penitentiary, • *1035 and has not boon released on bail or perfected a suspensive appeal, sucli sentence shall be considered as commencing on the day following the day on which such' prisoner is sentenced without regard to the actual date of incarceration in the state penitentiary.” LSA-R.S. 15 :566.2.